# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

| | |
|---|---|
| VALERIE CURRY<br><br>    Plaintiff,<br><br>v.<br><br>PHC-CLEVELAND, INC., d/b/a Bolivar Medical Center; BLAKE SURGICAL ASSOCIATION, PLLC; JOHNSON & JOHNSON; ETHICON, INC.; and C.R. BARD, INC.<br><br>    Defendants. | Civil Action No. 4:20-cv-00058-SA-JMV |

## ORDER STAYING ALL PROCEEDINGS PENDING A TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Before the Court is Defendant Johnson & Johnson's motion [13] to stay all proceedings in this case pending a decision by the Judicial Panel on Multidistrict Litigation (JPML) on whether to transfer this case to the Northern District of Georgia ("the MDL court") for coordinated or consolidated pretrial proceedings. In support of the motion, Defendant has presented a conditional transfer order that indicates transfer of this case to the MDL court may be imminent.

Plaintiff initially filed a joinder [25] in the instant motion, wherein she requested that "this Court . . . enter an order staying all proceedings pending a decision by the USJPOML . . . and a decision on plaintiff's motion to remand to state court." In its reply [30], Defendant clarified that its "motion to stay requests a stay of *all* matters in this case, including Plaintiff's motion to remand" and cited numerous authorities in support of its position that the MDL court has authority to resolve all pending motions in this case, including motions to remand.

On May 5, 2020, the undersigned conducted a brief telephone conference with counsel for the parties to seek clarification of Plaintiff's position with regard to Defendant's motion to stay. During that conference, counsel for Plaintiff clarified that Plaintiff was not in agreement with a stay of the Court's ruling on the motion to remand and represented that Plaintiff would promptly file something to accurately reflect Plaintiff's intent. *See* Minute Entry [33]. Now, by her notice [36] filed May 8, Plaintiff states she "misread and misinterpreted" Defendant's motion and seeks to withdraw her joinder. Additionally, Plaintiff states her position is that this case should be remanded to state court.

In view of the foregoing, the Court deems Plaintiff's joinder in Defendant's motion to stay all proceedings in this case withdrawn. Nevertheless, for the reasons stated in Defendant's motion and reply, the Court finds all proceedings in this case should be stayed pending a transfer decision by the JPML. Indeed, while Plaintiff states the relief sought by her is "contrary to and opposite of the relief sought by Johnson & Johnson" and insists upon a ruling by this Court on her motion to remand, Plaintiff has failed to cite any authority contrary to those cited in Defendant's reply and has not alleged any prejudice would result from this Court's staying proceedings related to her motion to remand. Accordingly, all proceedings in this case are STAYED pending a transfer decision by the JPML.

**SO ORDERED** this, the 12th day of May 2020.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE